Filed 8/4/26  Rodriguez v. Acuna CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| MIGUEL RODRIGUEZ, <br><br> Appellant, <br><br> v. <br><br> MARIA CRISTINA ACUÑA, <br><br> Respondent. | D086760 <br><br><br> (Super. Ct. No. 25CU027520C) |

APPEAL from an order of the Superior Court of San Diego County, Blair Soper, Judge.  Affirmed.

Miguel Rodriguez, in pro. per., for Appellant.

No appearance for Respondent.

## I. INTRODUCTION

The trial court denied Miguel Rodriguez's request for a civil harassment restraining order against Maria Cristina Acuña.  Rodriguez appealed on several grounds, but due to the limited record he provided us, he fails to establish error.  We therefore affirm.

## II. BACKGROUND

Rodriguez lives in the same apartment building as Mrs. Acuña and her husband, Pedro Acuña.  In 2025, Rodriguez filed a request for a restraining order against Mrs. Acuña.  Under a separate case number (25CU027534C), Rodriguez also sought a restraining order against Mr. Acuña.[1]  The trial court issued a temporary restraining order against Mr. Acuña.

The trial court denied both of Rodriguez's requests at a hearing on June 26, 2025, finding that he failed to carry his burden of proof.  Rodriguez's timely appeal followed.

## III. DISCUSSION

### A.    *Rodriguez's Claims*

Rodriguez argues that the trial court erred by:  (1) denying his restraining order request because during the hearing, Mr. Acuña testified on Mrs. Acuña's behalf and admitted violating the temporary restraining order; (2) excluding evidence submitted by Rodriguez; (3) allowing Mr. Acuña to testify on Mrs. Acuña's behalf and failing to conduct an individualized hearing regarding Rodriguez's separate claims against Mrs. Acuña; (4) denying Rodriguez's request for a continuance to pursue a pending subpoena for third party records; (5) denying Rodriguez's request for a fee waiver; and (6) failing to extend a temporary restraining order during this appeal.

### B.    *Standard of Review*

"[A] trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record

---

[1]    On our own motion, we take judicial notice of the appellate record in the case involving Mr. Acuña (case no. D086824).  (Evid. Code, §§ 452, subd. (d), 459.)

2

presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. . . . ' "[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609, citations omitted.) An appellant therefore has the burden of providing a reporter's transcript, an agreed statement, or a settled statement if the appellant intends to raise an issue that requires consideration of oral proceedings. (Cal. Rules of Court, rule 8.120(b).)[2]

C.    *Analysis*

The record of the June 26, 2025 restraining order hearing, consists of the trial court's minute order. There is no restraining order petition, reporter's transcript, agreed statement, or settled statement. As explained below, this limited record prevents Rodriguez from establishing any grounds for reversal.

First, the minute order states that "[t]he court hear[d] testimony from all parties," but there is nothing describing for us what that testimony entailed. Rodriguez's claim that Mr. Acuña admitted temporary restraining order violations is therefore unsupported.

---

[2]    As a self-represented litigant, Rodriguez is entitled to the same but no greater consideration than other litigants, and he must therefore follow the rules of appellate procedure. (*County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861.)

Second, the minute order states the trial court considered "the evidence presented." Consequently, we have nothing saying that the trial court excluded any of Rodriguez's proffered evidence.[3]

Third, there is no requirement that Mrs. Acuña testify in her own defense, and she may present testimony from other witnesses such as Mr. Acuña. (See, e.g., *Duronslet v. Kamps* (2012) 203 Cal.App.4th 717, 729 [" '[b]oth sides *may* offer evidence by deposition, affidavit, *or* oral testimony,' " and " '*if it is offered*, relevant oral testimony must be taken from available witnesses' " (italics added)].) Nor is there any indication that the trial court failed to individually assess Rodriguez's allegations against each of the Acuñas. On the contrary, the minute orders from each case state that the trial court "fully considered the arguments of all parties, both written and oral, as well as the evidence presented," and that Rodriguez did not meet his burden of proof on either of his petitions.

Fourth, while the minute order confirms the trial court denied Rodriguez's request for a continuance, it is silent as to the basis of Rodriguez's motion or the trial court's reason for denying it. We therefore have no grounds to find that the trial court abused its discretion in this regard. (*In re Marriage of Tara & Robert D.* (2024) 99 Cal.App.5th 871, 881 ["We review a trial court's denial of a continuance for abuse of discretion."]; *Jameson v. Desta, supra,* 5 Cal.5th at p. 609 [" 'In the absence of a contrary

---

[3]     Rodriguez's motion to augment the record with the allegedly excluded evidence is denied. There is no showing that the documents attached to Rodriguez's motion or his accompanying lodgment were submitted to the trial court. Even if we assume Rodriguez presented these documents to the trial court, as already stated, the minute order reflects the trial court did not exclude any evidence.

showing in the record, . . . "[i]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' "].)

Fifth, when a litigant qualifies for a fee waiver, there are certain fees that must be waived, and there are additional fees that may be waived in the trial court's discretion. (Cal. Rules of Court, rule 3.55 [listing "fees and costs that *must* be waived" (italics added)]; rule 3.56 [listing "fees and costs that *may* be waived" (italics added)]; rule 1.5(b)(1) & (2) [" '[m]ust' is mandatory" and " '[m]ay' is permissive"].) The record shows that "[a]fter [c]areful review" at a hearing, the trial court granted Rodriguez's fee waiver for the mandatory fees and then denied Rodriguez's request to waive additional fees.[4] The record is otherwise silent about what occurred at that hearing, and is therefore inadequate to establish that the trial court abused its discretion. (*Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259 ["The absence of a record concerning what actually occurred at the hearing precludes a determination that the court abused its discretion."].)

Finally, the record does not mention a temporary restraining order against Mrs. Acuña. Even if the trial court issued such an order, it would have been for the limited purpose of "provid[ing] protection while the parties ready their cases for a hearing." (*D.Z. v. L.B.* (2022) 79 Cal.App.5th 625, 635; see also, Code Civ. Proc., § 527.6, subds. (f) & (g).) Having determined that

---

4    The trial court subsequently granted Rodriguez's fee waiver request related to this appeal.

5

Rodriguez was not entitled to relief after the evidentiary hearing, the trial court had no basis to extend any temporary restraining order.[5]

## IV. DISPOSITION

The order is affirmed.  Mrs. Acuña is awarded costs on appeal.

RUBIN, J.

WE CONCUR:

DATO, Acting P. J.

KELETY, J.

---

[5] Finding no error, we likewise reject Rodriguez's claim of cumulative error.